STATE v. COOPER STRINGER.

[63 South. 270.]

1. INDICTMENT AND INFORMATION. *Allegations. Charging several offenses. Arson. Occupation by human beings. Dwelling house. Demurrer.*

The indictment for arson set out in the opinion of the court, held not to be demurrable as charging two separate and distinct crimes.

2. ARSON. *Indictment. Dwelling house.*

An indictment for arson which avers that the house in question was a "dwelling house" occupied by the owner and his family, is not demurrable as not alleging that the house burned was a house in which human beings resided and slept at the time it was burned, since a "dwelling house" is a house in which human beings "usually stay, lodge or reside."

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Cooper Stringer was indicted for arson. From a judgment sustaining a demurrer to the indictment the state appeals.

*Frank Johnston,* assistant attorney-general, for the state.

Section 1036 of the Code makes it arson to burn, in the nighttime, any house in which there shall be at the time some human being usually staying, lodging, or residing at night. This is made a capital felony with the right in the jury to commute the capital punishment to imprisonment in the penitentiary for life.

Section 1037 of the Code makes it arson for any person to burn in the daytime, any house in which some human being shall at the time usually stay, lodge, or reside, and the punishment under this section, is not less than ten years in the penitentiary.

The grounds of demurrer may all be grouped into one general proposition, that each count in the indictment is insufficient to make a case of arson, whether in the daytime or the nighttime, against the defendant, except the proposition that there are two distinct offenses charged in this indictment, and that the offenses are independent of each other and cannot be embraced in the same indictment.

I will, as briefly as possible, call the attention of the court to the law of the case in respect to the sufficiency of the offenses and charges in each count of this indictment. In the first place, the property is clearly described as a dwelling house owned by Mr. Herrington and occupied as a dwelling house by Cooper Stringer and his family. It is termed in both counts a dwelling house.

At common law, arson is defined as the malicious burning of another's house. The defendant, although one of the occupants, is the defendant in the indictment. The precise language of the statute is, "every person who shall burn any house where there are persons usually residing." The common law does not use the word "dwelling house," using instead the word, "house," but the word "house" as used by the common law was always construed by the court, uniformly, as meaning a dwelling house. In other words, a house in which human beings resided. So our statute uses the word, "house" and this must be held, of course, to have the common law force and signification, but it is made even clearer by the statute because it provides that the house must be one in which some human being was usually staying, or lodging or residing. In regard to the term "any dwelling house," which would include the house of the defendant

as well as the house of another, as it stood at common law, under a similar statute in New Hampshire where the crime was defined to be the burning of the dwelling house, the New Hampshire court held that that included the burning of one's own house when done wilfully and maliciously, and Judge Doe, in delivering the opinion of the court said: "If he burns it for the purpose of destroying the home and lives of his wife and children; . . . and there may be malice in all other cases." *State* v. *Hurd,* 51 N. H. 176; *State* v. *Avery,* 44 N. H. 392; *Garrett* v. *State,* 109 Ind. 527.

This is announced by Mr. Bishop in his work on criminal law as a correct construction of this character of statutes. Bishop's New Criminal Law, Sec. 13, page 7.

I respectfully submit to the court that upon a proper construction of sections 1036 and 1037, that the defendant is properly charged with this offense, as being the burning of a house in which there was at the time some human being usually staying, lodging, or residing at night.

It has been uniformly held that where a dwelling house is inhabited as such that a temporary absence of the occupant, or the occupants for a temporary purpose, still remains 'a dwelling house in contemplation of the law. This was expressly held in the following cases: *Paine* v. *State,* 89 Ala. 26; *State* v. *MacGowan,* 20 Conn. 245, S. C. 52 Am. Rep. 336; *State* v. *Warren,* 33 Me. 30; *Stupetski* v. *Ins. Co.,* 43 Mich. 373, S. C. 38 Am. Rep. 195.

The Georgia court held, in *Johnston* v. *State,* 48 Ga. 116, that the whole object and purpose of the statute is to protect the home of the occupants of a dwelling house and their property therein from the torch of the incendiary, and that it is none the less their home, their dwelling house, because temporarily absent therefrom.

I respectively submit to the court that it is an entirely fallacious view of this indictment as contended by the defendant's counsel in the court below, that these two counts could not be joined in the same indictment. They were

not two distinct offenses in fact. On the contrary, there was only the burning of one house. The fact that the two punishments are differently fixed by the statute does not change, in the slightest degree, the rule of procedure or pleading in the case. There is but one arson committed, and the grand jury that framed the indictment might have had some doubt as to whether the proof would show that this burning was done in the daytime or in the nighttime, and for this reason the two counts were placed in the indictment. It is perfectly evident that he could not have been convicted on both the counts, and this shows clearly that he was not charged with two distinct offenses, but only one in fact.

*A. M. Edwards,* for appellee.

The defendant, Cooper Stringer, was indicted at the March, 1911, of the circuit court of Simpson county on a charge of arson, said indictment containing two counts under sections 1036 and 1037, which reads as follows: "Every person who shall wilfully set fire to or burn in the nighttime any house, ship, vessel, railroad car or coach, or boat, in which there shall be at the time some human being usually staying, lodging or residing at night, upon conviction thereof shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict."

1037. "Every person who shall willfully set fire to or burn in the daytime any house, ship, vessel, boat, railroad car or coach, in which some human beings usually stay, lodge, or reside, upon conviction thereof shall be imprisoned in the penitentiary for a term of not less than ten years." At the March term of the court, 1912, there was a demurrer interposed to the indictment, which was sustained by the court, and the state appealed.

It will be noticed that the first ground of the demurrer is in the following language: "Because neither the first

nor second count in the indictment is sufficient in law to warrant a conviction or uphold a judgment of the court upon the verdict of a jury convicting the defendant of the offense attempted to be charged in the indictment.''

The second ground in the demurrer is as follows: ''Because the indictment fails to charge in the first count that human beings were lodging, staying and residing, at night in the house alleged to have been set fire to and burned.''

The indictment in this case wholly fails to charge that at the time the house is alleged to have been burned that there were any human being or human beings usually staying or residing at night, and we contend that if this was the only defect in the indictment, which it is not, this would render it void. In the case of *Anderson Lewis* v. *State,* 49 Miss. 354, the court speaking through Justice TARBELL said, ''The indictment charges that Anderson Lewis lately, to wit: On the 10th day of October, 1871, in the county of Lauderdale, aforesaid, in the nighttime, a certain dwelling house there situated, in which a human being at the time and usually lodging, did unlawfully, feloniously and maliciously set fire to and burn, contrary to the statute, etc., thus omitting to charge the staying, lodging, or residing to be at night, as well as the burning.

There were motions in arrest, and for a new trial, both of which were overruled. The point most earnestly urged is this, viz.: That the indictment is fatally defective in omitting the charge that there was some person usually lodging at night in the house burned, or in other words, that the indictment does not sufficiently describe the offense to authorize a conviction, judgment and sentence. We have seen that the statute recites that every person who shall wilfully set fire to, or burn in the nighttime, any house . . . in which there shall be, at the time, some human being usually staying, lodging, or residing, at night, shall upon conviction suffer death or imprisonment for life. And we have also seen that the indictment

charges that Anderson Lewis, in the nighttime, a certain dwelling house, in which a human being was at the time, and usually lodging, did set fire to and burn, the lodging not being charged at night.''

The judgment in this case was reversed, the indictment quashed and the case remanded because the lodging was not charged at night. In the cases at bar neither of the words, staying, lodging, or residing appear in either of the counts in the indictment, and therefore we contend that the indictment is fatally defective. In this indictment the drawer failed to pursue the language of the statute but chose to use his own for a substitute.

Indictments upon statutes especially the most penal, must pursue the precise and technical language employed in the statute in the definition or description of the offense. *Anthony* v. *State,* 13 S. & M. 263, 1 Morr. St. Cas. 467; *Ike* v. *State,* 23 Miss. 525, 1 Morr. St. Cas. 578; *Scott* v. *State,* 31 Miss. 473, 1 Morr. St. Cas. 886; *Williams* v. *State,* 42 Miss. 328, 2 Morr. St. Cas. 1857; *Lewis* v. *State* (1873), 49 Miss. 354; *Dee* v. *State,* 68 Miss. 601.

In the light of these decisions we contend that the court below committed no error in sustaining the demurrer to the indictment.

The constitution provides that any one charged with crime, has a right to demand the nature and cause of the accusations against him. This was intended to secure to the accused such a specific designation of the offense laid to his charge, as would enable him to make every preparation for his trial, necessary to his full and complete defense, and also, such identification of the offense as that he might not be charged by the grand jury with one offense, and put on his trial for another, and so that after his conviction or acquittal, his subsequent protection might be insured, should he be again questioned about the same offense. *Murphy* v. *State,* 24 Miss. 590, 1 Morr. St. Cas. 618; *Norris* v. *State* (1857), 33 Miss. 373, 2 Morr. St. Cas. 1059.

The facts and circumstances which constitute the offense as charged must be stated with precision and certainty; and every material circumstance in regard to time and place must be averred with that degree of certainty, which is sufficient to exclude every other intendment. *Riggs* v. *State,* 26 Miss. —, 1 Morr. St. Cas. 674. It will be seen from an examination of the indictment in the case at bar that the law as outlined in the above cases was not followed.

In order to constitute the offense intended to be charged in the indictment in the case at bar against the statute there must be both a burning of the house, and usually the lodging, staying or residing of some human being in the nighttime, and these facts both being necessary to constitute the offense, must sufficiently set forth in the indictment, in order not only to conform to a well-established rule of law, that the facts which constitute the crime or cause of action, must be alleged with sufficient certainty, but that the accused may know what it is that he is called upon to answer, so that he may prepare for his defense accordingly.

Such certainly is the spirit of the Constitution, and the right which it intended to secure to the accused in criminal prosecutions, when it declares that he hath a right to demand the nature and cause of the accusation against him.

We submit that the indictment in the case at bar is insufficient in law to warrant a conviction or uphold a judgment of the court upon the verdict of a jury convicting the defendant of the offense attempted to be charged.

*J. J. Stubbs,* for appellee.

The statute under which this indictment was attempted to be drawn is highly penal and the general rule announced in the *Williams case* in 42 Miss. 328, before mentioned, was cited with approval and to be the general rule, in the case of *Lewis* v. *State,* 49 Miss. 354.    The

case last cited is one exactly of the same nature as the one at bar, with a fatal defect in the indictment and one wherein this court reannounced the general rule to be, that to lay a charge of this nature, the indictment must pursue the precise and technical language employed in the statute in the definition or description of the offence. This was not done by the drawer of this indictment and the court below was manifestly correct in sustaining the demurrer interposed in this cause.

*Norton* v. *State,* 72 Miss. 130, 16 So. 264, 48 Am. St. Rep. 538. In this case the language of the statute was not used and if the objection to the same had been taken by demurrer in time the demurrer would have been sustained. Also, see case of *Stark* v. *State,* 81 Miss. 397, 33 So. 175. Wherein other language was used in the indictment than that used in the statute.

It is the spirit and intention of the law that to charge a person with the grave crime of arson in the burning of a dwelling house, where some human being usually stays, lodges and resides, that the charge must be laid with absolute certainty, and the word occupy is susceptible of more constructions than one, which to use the word in describing the offense makes the same uncertain, occupied does not necessarily mean residence nor the place where one usually stays, resides, and lodges. See 6 Words and Phrases, page 4899.

We insist that each count in this indictment attempts to charge a separate and distinct offense, governed and punished by separate and distinct sections of the statute.

Cook, J., delivered the opinion of the court.

The indictment in this case, omitting the formal parts, is as follows: "That Cooper Stringer on the ——— day of January, 1911, in Simpson county, aforesaid, a certain dwelling house then and there being the property of Albert Herrington, and then and there being occupied as

such by human beings, to wit, Cooper Stringer and members of his family, then and there did willfully, feloniously, and maliciously set fire to in the nighttime, and the same dwelling house then and there willfully, feloniously, and maliciously did burn. . . . That Cooper Stringer on the —— day of January, 1911, in Simpson county aforesaid, a certain dwelling house then and there being the property of one Albert Herrington, and then and there being occupied as such by human beings, to wit, Cooper Stringer and members of his family, then and there did willfully, feloniously, and maliciously set fire to in the daytime, and the same dwelling house then and there being, then and there feloniously, willfully, and maliciously did burn.''

The following demurrer was interposed by defendant and sustained by the court: .

''Comes the defendant in the above-styled cause, Cooper Stringer, in his own proper person, and by attorney, and prays the judgment of the court if he shall be required to plead further thereto, and in support of this demurrer assigns the following causes for demurrer:

''(1) Because neither the first nor second count in the indictment is sufficient in law to warrant a conviction or uphold a judgment of the court upon a verdict of a jury convicting the defendant of the offense attempted to be charged in the indictment..

''(2) Because the indictment fails to charge in the first count that human beings were lodging, staying, and residing at night in the house alleged to have been set fire to and burned.

''(3) Because the indictment fails to charge in the first count that human beings usually stayed and lodged, in the nighttime, in the house alleged to have been fired and burned.

''(4) Because the indictment in the first count fails to charge that there was a human being or human beings in the house at the time the same is alleged to have been fired and burned.

"(5)    Because the charge attempted to be alleged in the indictment is one highly penal by statute, and the language of the statute is not pursued or employed in describing the offense in the first count.

"(6)    Because the indictment in the first count fails to set forth with sufficient clearness to charge the offense of burning a dwelling house in which human beings usually stayed and lodged at night, and in which human beings were at the time, to charge the offense of arson.

"(7)    Because the indictment, under the head of first and second counts, attempts to charge the defendant of two separate and distinct offenses, provided for in separate and distinct sections of the statute, for one and the same alleged crime.

"(8)    Because the indictment in the second count fails to charge that human beings usually stayed and lodged and resided at the time of the alleged firing and burning, in the daytime.

"(9)    Because the indictment in the second count fails to charge with sufficient clearness that a human being or human beings were in the house, or usually stayed, lodged, and resided in the house, in the daytime, at the time of the alleged firing and burning.

"(10)    Because the indictment in the second count fails to pursue or employ the language of the statute in attempting to charge the offense of burning a dwelling in the daytime in which human beings stayed, lodged, and resided, and fails to employ language sufficient to charge with such clearness the said offense attempted to be charged.

"(11)    Because the indictment in neither the first nor the second count employs language sufficient to set forth with certainty and clearness the charge of either burning the dwelling house in the daytime or the nighttime, with sufficient circumstances connected therewith to make a charge under the statute either for arson in first count or arson in the second count.

"(12)   And for other reasons to be assigned on the hearing of this demurrer."

From the judgment sustaining the demurrer the state appeals.

Taken as a whole, the grounds of demurrer amount to about this: (a) The indictment does not follow the precise words of the statute; (b) the indictment does not allege that the house burned was a house in which human beings resided and slept at the time it was burned; (c) the indictment charges two separate and distinct crimes.

We are of opinion that there is no merit in either of the grounds assigned by the demurrer, and the court erred in sustaining the same. The indictment avers that the house in question was a "dwelling house," occupied by the owner and his family. A "dwelling house" is a house in which human beings "usually stay, lodge, or reside." 3 Words and Phrases, pp. 2285-2295.

*Reversed and remanded.*